### 30509. TAYLOR v. TAYLOR.

HILL, Justice.

The issue in this case of first impression in this state is whether a party who has obtained a divorce decree and distribution of property and who has thereafter lost a

contempt action to enforce that decree, may be held in contempt by the divorce court for instituting a damage suit in another court against the former spouse seeking to relitigate matters which could have been raised in the divorce action and matters which were raised therein and in the contempt action. Normally, the defense of res judicata is heard by the court in which the second suit is filed. Here the question is raised as to whether the divorce court which adjudicated the first case has the power to determine the scope of its judgment and to enforce it by contempt.

The ex-wife, Louise Taylor, appeals an order of Fulton Superior Court finding her to be in contempt and fining her $200.

The parties were granted a divorce in Fulton Superior Court in April, 1974. The wife's petition for divorce, based on cruel treatment, alleged among other things that her husband was the sole proprietor of a business, that she had assisted him in acquiring the assets of that business, and that she was entitled to an equal share of such business. The divorce decree provided that she would receive title to the family home, alimony and child support, certain family pictures and a coin collection, and that all existing insurance policies would remain "in status quo as to the designated beneficiaries."

In September 1974, the wife filed a contempt action against the husband in Fulton Superior Court, complaining that she had not received the pictures and coins and that the husband had changed the status of the insurance policies by borrowing $10,500 on them. On October 30, 1974, the trial judge ordered the husband to deliver the pictures, but found him not to be in contempt as to the coins and insurance policies. No timely appeal was taken from this order (and it cannot be appealed now).

In January 1975, the wife filed a complaint for damages against her former husband in Hall Superior Court, alleging that he had converted the coins and pictures belonging to her, that he had appropriated to his own use $10,500 of the cash surrender value of the insurance policies belonging to her, that he had converted (in 1973) $23,641 from a savings account, that he owed her $9,000 per year for 18 years of service in his business,

which service terminated in 1972, that he owed her for his failure to pay her social security taxes during this period, and that in 1972 he had converted a tax refund check payable to her in the amount of $1,959. She sought a judgment of $216,783.

On February 19, 1975, the husband filed the action for contempt in Fulton Superior Court, alleging that the subject matter of the wife's complaint in Hall Superior Court had previously been adjudicated by her divorce and contempt actions in Fulton Superior Court. The Fulton Superior Court found the wife to be in contempt and she has appealed.

The issue on appeal is whether the trial court (Fulton) could properly issue an order holding the wife in contempt. No decision in Georgia or any other jurisdiction has been cited or found which decided the issue presented here.

We hold that the defense of res judicata is a question to be presented by pleadings and evidence to the court having jurisdiction of the litigation in which the plea of res judicata is appropriately raised, to wit: the Superior Court of Hall County. Fulton Superior Court did not have the authority to determine that the issues presented in the Hall County suit were res judicata. Without a finding of res judicata by Fulton Superior Court, there was no basis to support the judgment that the wife was in contempt of that court for wilful relitigation of matters previously adjudicated. The court's finding of contempt was therefore without authority and must be reversed.

*Judgment reversed. All the Justices concur, except Hall, J., who concurs in the judgment only.*

ARGUED NOVEMBER 17, 1975 — DECIDED
FEBRUARY 24, 1976.

*R. John Genins,* for appellant.
*Wendell C. Lindsey,* for appellee.